## J. W. FREEMAN *vs.* THOMAS AULD and others.

A mortgage, and the bond accompanying the same, on their face, purported to secure the payment of $4000 with interest. But by an instrument executed by the mortgagee on the delivery of the bond and mortgage, it was recited that the mortgagors had agreed to accept from the mortgagee only $2000 at that time, and the balance of the $4000 on the completion of a house, upon the mortgaged premises. The $2000 advanced was to bear interest from the date of the loan, and the other $2000 not until it should be advanced. *Held,* that as between the parties to the bond and mortgage the mortgagee could not enforce the payment upon it of any greater sum than the $2000 loaned, at the date thereof, with interest, until it had advanced the remaining sum of $2000.

Freeman *v.* Auld.

*Held, also,* that every assignee of the bond and mortgage took them subject to the equities existing between the original parties; and that one taking an assignment of such bond and mortgage with full knowledge that only $2000 had been loaned upon them, he paying only that sum to the mortgagee, for the assignment, had no right to foreclose the mortgage for a greater sum. LEONARD, J. dissented.

APPEAL by the defendant Thomas Auld from a judgment of foreclosure and sale, rendered at special term. The action was brought for the foreclosure of a mortgage to secure the payment of a bond of $4000 and interest, made by the defendants Ira A. Allen and John W. Stevens to the Home Insurance Company, and by said mortgagees assigned to the plaintiff. On the 25th day of February, 1859, Ira A. Allen and John W. Stevens, being then the owners in fee of certain premises in the city of New York, applied to "The Home Insurance Company" of that city for a loan of the sum of $4000, to secure which sum the said Allen & Stevens executed their certain bond for that sum, and a mortgage, to secure it. The insurance company never paid the whole amount of this $4000 to said Allen & Stevens, but only the sum of $2000, on the 3d day of March, 1859; and at the same time of the delivery of the bond and mortgage to the Home Insurance Company, and the receipt of the said $2000, the said insurance company made and delivered to Allen & Stevens an agreement, whereby the company agreed to advance the remaining unpaid portion of the said $4000, to wit: the unpaid sum of $2000, secured by the said mortgage upon the completion of the house mentioned in the mortgage. It was stipulated on the trial, and the plaintiff admitted, that the said insurance company had never advanced more than the said sum of $2000, and that the plaintiff, at the time he received the assignment of the said mortgage, took the same with full knowledge and notice that the insurance company had not advanced the sum of $4000, but only the sum of $2000. That on the 1st day of March, 1859, Allen & Stevens conveyed by deed the premises upon which the mortgage was a lien to Henry L.

Freeman *v.* Auld.

Bulkley, subject to the said mortgage of $4000, and by a covenant in said deed Bulkley assumed the payment of the said mortgage of $4000 to the insurance company. That on the 1st day of April, 1859, Bulkley by deed conveyed the mortgaged premises to one Peter Coyle, subject to the said mortgage of $4000, which Coyle covenanted to pay off and save harmlesss Bulkley therefrom. That on the 27th day of July, 1859, Coyle conveyed by deed the said mortgaged premises, subject to the mortgage of $4000, to the defendant Thomas Auld; but Auld did not covenant to pay the mortgage of $4000. That before the conveyance of the premises to the defendant by Coyle, the defendant went to the Home Insurance Company, who then held the mortgage, and was by them informed that they had advanced but the sum of $2000 of the amount of 4000 set forth and secured by the mortgage, and that the remaining $2000 they would pay to the defendant to enable him to finish the house with. That after the defendant had become the purchaser of the premises from Coyle, he went on and expended the sum of $3500 in the completion of the house. That after the conveyance of the premises to the defendant and his completion of the said house, and on the 31st day of December, 1859, the Home Insurance Company, upon the payment to them of the sum of $2000, assigned the said mortgage to Charles M. Freeman, who on the same day assigned the same to the plaintiff for only the consideration of $2000, and when he so took said assignment he knew that only the sum of $2000 had been advanced by the insurance company. That after the assignment of the mortgage to the plaintiff, and before the commencement of the action, the defendant tendered to the plaintiff the payment of $2000 and all interest due thereon up to the day of such tender, which was refused by the plaintiff, who claimed the whole amount of the $4000. That the assignment of the mortgage was made to the plaintiff on the 31st day of December, 1859, in consideration of his paying to the insurance company $2000. On the 1st day of Jan-

uary, 1858, when the plaintiff made up his balance sheet against Allen & Stevens, it was ascertained· that they owed him for lumber, a long time before then sold to them, to an amount of $10,000, which amount was increased and carried forward to the 1st of January, 1860, when the said indebtedness was over $15,000. That in April, 1860, Allen, one of the firm of Allen & Stevens, had a conversation with the plaintiff, when it was for the first time agreed that the plaintiff should credit Allen & Stevens on their indebtedness to him the sum of $2000, though Allen could not state positively whether this conversation in reference to the crediting his account was before this suit was brought or not. The action was commenced against the defendant Auld on the 20th of March, 1860. It was insisted that the defendant Auld having tendered to the plaintiff before the action was commenced the $2000, and all interest due the plaintiff after that time, could not make the arrangement with Allen to credit on the account of Allen & Stevens the $2000, so as to relate back to the time when he received the assignment from the insurance company, and in fraud of the then vested rights of the defendant Auld.

By the judgment the whole sum of $4000, with interest thereon, was declared to be due to the plaintiff, and the mortgaged premises were ordered to be sold, to satisfy the same.

*R. M. Harrington,* for the appellants.

*Wm. B. Ross,* for the respondent.

ROSEKRANS, J. The mortgage sought to be foreclosed in this case, and the bond accompanying the same, on their face purported to secure to the Home Insurance Company the payment of the sum of $4000 with interest. But by an instrument executed by the mortgagee to the mortgagors contemporaneously with the delivery of the bond and mortgage, it was recited that the mortgagors had agreed to accept from

the mortgagee only the sum of $2000 at the time of the execution of the bond and mortgage, and the balance of said $4000 at the time of the completion of the house in course of erection on the mortgaged premises to the satisfaction of the mortgagee. It was also recited that the mortgagee advanced at that time the sum of $2000 to the mortgagor, upon the express understanding and agreement between the parties to the mortgage that the same should bear interest, to be computed and charged from the date of said loan. And it was agreed by the mortgagee that the remaining sum of $2000, secured to be paid by said bond and mortgage, should not bear interest until it should be advanced by the mortgagee, notwithstanding the provisions of the bond and mortgage. As between the parties to this bond and mortgage, it is clear that the mortgagee could not enforce the payment upon it of any greater sum than the $2000 loaned at the time of the delivery of the bond and mortgage, and the interest thereon, until it had advanced the remaining sum of $2000. It is also clear that every assignee of said bond and mortgage took them subject to the equities existing between the original parties. It was expressly stipulated in this action that the mortgagee never did advance upon the mortgage more than the sum of $2000. The plaintiff claims the right to foreclose this mortgage as assignee, and in addition to the rule of law adverted to—that he took the assignment subject to the equities existing between the original parties—it appears by the stipulation referred to that he took the assignment of the bond and mortgage with full knowledge that only $2000 had been loaned upon them ; and that he only paid the mortgagee that sum, for the assignment. If this were the whole of the case, the plaintiff had no right to foreclose the mortgage for more than the $2000 advanced upon it.

But the judge by whom the cause was tried has found as a fact that at the date of the mortgage the mortgagors, in addition to receiving the sum of $2000 upon it, also received

from the mortgagee its agreement to advance upon the bond and mortgage the further sum of $2000, when the house then in process of erection upon the mortgaged premises should be completed to the satisfaction of the mortgagee. Assuming this finding to be correct, it is difficult to see that it can have any force, when it is conceded that even if the contingency had happened upon which the further advance was to be made, no such advance had in fact been made. The mortgagee could in no event recover more, or foreclose the mortgage for a greater sum, than was actually advanced upon it. But the defendant has excepted to the finding of fact; and a reference to the instrument signed by the mortgagee, (which contains the whole of the evidence upon this subject,) shows that the exception is well taken. That instrument did not bind the mortgagee to advance a dollar beyond the sum of $2000 advanced at its date. It left it optional with the mortgagee to make further advances or not, as it might choose, and merely provided that the remaining sum of $2000 should not bear interest until it should be advanced by the mortgagee.

But the plaintiff insists that the mortgagors subsequently conveyed the mortgaged premises to Bulkley, subject to this mortgage of $4000, which Bulkley assumed to pay as a part of the consideration of purchase; and that as between the mortgagors and Bulkley $4000 was deducted from the purchase money, and Bulkley sold the premises to one Coyle under similar circumstances, and a similar agreement as between them; that Coyle sold the premises to the defendant Auld under similar circumstances, and a similar agreement as between them ; and that as the plaintiff had paid the mortgagee $2000 for the assignment of the bond and mortgage, and had made an agreement with the mortgagors to credit them the sum of $2000 in addition, upon their prior indebtedness to him, and had given such credit, these facts give him the right to collect the sum of $4000 upon the bond, or to foreclose the mortgage for that sum with interest from the

Freeman *v.* Auld.

date of the mortgage. This claim has no foundation in law, if the facts stated are conceded. The agreement of the plaintiff to credit the mortgagors $2000 upon their precedent indebtedness to him, and the giving of such credit, did not operate as an assignment of any cause of action the mortgagors may have had against any of the purchasers of the mortgaged premises upon their respective agreements to pay $4000 upon the bond and mortgage. The plaintiff still stood as the naked assignee of the bond and mortgage, and was only entitled as such to recover the actual sum due upon them. The mortgagors assigned nothing to the plaintiff, and the facts stated did not operate as an assignment of any thing to him.

But the defendant Auld has excepted to the finding of fact that the successive purchasers of the mortgaged premises made agreements with their immediate vendors, to pay the sum of $4000 upon the mortgage. The deeds to the several purchasers contain the only evidence of their agreements on this subject, and they show that the extent of their several agreements was to pay the amount actually due upon the mortgage. Bulkley assumed and covenanted to pay the mortgage, *described as amounting to* $4000, the sum due and to grow due thereon. The agreements of the other vendees were similar to Bulkley's. This exception is well taken. The proof does not warrant the finding. The cause of action which the several vendors of the mortgaged premises may have against the vendees, upon their agreements to pay the consideration money agreed to be paid, can only be enforced by the several vendors or some assignee of the equitable lien or right of action of their vendors for the unpaid purchase money. It is questionable whether such assignee can enforce the lien. (1 *Lead. Cas. in Eq.* 367, 369.)

The plaintiff should have accepted the sum of $2000 and interest, tendered him by the defendant Auld. The judgment of the special term should be reversed, and a new trial ordered, unless the plaintiff shall elect to modify the judg-

ment so that it shall be for the recovery of the sum of $2000 and interest, and that the defendant Auld recover his costs of the action.

INGRAHAM, P. J. concurred.

LEONARD, J. (dissenting.)    Allen & Stevens had the power to charge the premises with the payment of any mortgage which they had executed, by their conveyance to Bulkley, although not a dollar had been advanced by the mortgagee.

Bulkley and his heirs and assigns were estopped from denying the validity of the mortgage.   Allen & Stevens, after conveying the premises to Bulkley, might lawfully take an assignment of the mortgage to themselves and enforce its collection, although the mortgagees had not advanced a dollar thereon ;  the terms of the conveyance to Bulkley having made the mortgage a charge on the premises.   The present plaintiffs may lawfully enforce the collection of the whole mortgage money ;  one half of the amount being collected for the benefit of Allen & Stevens, and to be applied by the plaintiff in part satisfaction of his demands against them.

The defendant Auld did not make inquiry of the right party, as to the amount due or advanced on the mortgage. He should have made his inquiries of the holder of the mortgage ;  not of the insurance company, who had ceased to hold it, or have any interest therein.

Had the insurance company foreclosed the mortgage while they were the holders of it, their duty would have required them to collect the whole amount, if they were notified of the terms of the conveyance from Allen & Stevens to Bulkley, in respect to assuming the payment of the whole mortgage.   There is no evidence tending to show that Bulkley, or his assigns, were entitled to receive the remainder of the sum secured by the mortgage, over and above the $2000 advanced by the insurance company to Allen & Stevens.   The right to receive the residue of the money which the insurance

company agreed to advance belonged, prima facie, to the mortgagors, Allen & Stevens. If the insurance company, or its assignee, collected any thing on the mortgage, over and above the sum advanced by the insurance company, it would be as trustee for Allen & Stevens. They were interested to the extent of one half of the amount of the mortgage after their conveyance to Bulkley, and they had the power to make any disposition of that interest which they thought proper.

· The judgment should be affirmed with costs.

